United States District Court
Northern District of Indiana

| | | |
|---|---|---|
| LLOYD T. KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:08-CV-261 JVB |
| | ) | |
| | ) | |
| STEVENS AUTO SALES, and | ) | |
| DAVE STEVENS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Lloyd T. Kelley sued Defendants Stevens Auto Sales and Dave Stevens alleging violations of the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201, *et seq.*, and several Indiana statutes. This matter is before the Court on cross motions for summary judgment, and Defendants' motion to strike the affidavit of Plaintiff's counsel, Ronald E. Weldy.

**A. Legal Standard**

Summary judgment is only appropriate by the terms of Rule 56(c) where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir.1996). Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the facts in the light most favorable to the nonmovant, first for one

side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the Court's] review of the record requires that [the Court] construe all inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, In*s., 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks-Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

**B. Background and Facts**

Defendant Dave Stevens is the president of Defendant Dave Stevens Auto Sales, Inc. (SAS). In 2007, SAS was in the business of selling used cars in Peru, Indiana. Plaintiff worked for SAS for part of that year as its only employee. His duties included traveling to Fort Wayne, Indiana, to buy used cars at auction establishments and reselling them to customers at the SAS sales lot in Peru. According to Defendant Stevens, some of the vehicles SAS purchased at the auctions were titled to owners from states other than Indiana. Stevens was Plaintiff's boss; he determined how Plaintiff was compensated.

Plaintiff claims, among other things, that he worked hours for which he was not paid the minimum wage as required by the FLSA. Defendants base their motion for summary judgment on their claim that Plaintiff is not covered by the minimum wage provisions of the FLSA because he was not engaged in commerce. In his cross motion for partial summary judgment, Plaintiff asks the Court to find that he is covered by the FLSA and that Defendant Dave Stevens is an employer under 29 U.S.C. § 203(d).

In support of his motion and in opposition to Defendants' motion for summary judgment, Plaintiff submitted the affidavit of his attorney, Ronald E. Weldy, which included a copy of what

he avers is a true and accurate copy of the home page of Indiana Auto Auction (one of the auction sites where Plaintiff purchased inventory for SAS) as it appeared on April 20, 2009. The page includes the representation that Indiana Auto Auction's Fort Wayne location "is centrally located to some of the country's largest automotive and truck markets including Detroit, Chicago, and Indianapolis" and that its customers include national rental car companies and used car and truck dealerships in a six-state area.

Defendants have moved to strike the affidavit, claiming that it is improper for the Plaintiff's attorney to provide the affidavit under the Indiana Rules of Professional Conduct and that the representations concerning the extent of Indiana Auto Auction's business found on the website are inadmissible hearsay.

**C. Discussion**

**(1)** *Plaintiff's Status as a Covered Employee*

The FLSA requires employers to pay a minimum wage if the employer is a covered enterprise or the employee is a covered individual within the meaning of the Act. 29 U.S. C. § 206(a). A covered enterprise is one that (1) "has employees engaged in commerce or the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i-ii). If enterprise coverage applies, all of the enterprise's employees are protected under the FLSA, even if they are not personally involved in interstate commerce. *See Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp. 2d

280, 284 (S.D.N.Y. 2000). The FLSA also protects individual employees who are "engaged in commerce or in the production of goods for commerce," 29 U.S.C. § 207(a)(1), regardless of whether their employers qualify as covered enterprises. *See, e.g., Marshall v. Whitehead*, 463 F. Supp. 1329, 1341 (M.D.Fla. 1978).

Plaintiff concedes that SAS is not a covered enterprise,[1] but maintains that he qualifies for individual coverage because he was engaged in interstate commerce when he worked for SAS. To determine whether an employee is engaged in interstate commerce in this context, the focus is on what the employee actually does. It is not enough that the employee's activities affect or indirectly relate to interstate commerce: they must be "actually in or so clearly related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). For example, handlers of goods for a wholesaler who moves them interstate are engaged in interstate commerce, while those employees who handle goods after acquisition by a merchant for local distribution are not. *Id.* At 494, (*citing Walling v. Jacksonville Paper Co.*, 317 U.S. 564 (1943); *Higgins v. Carr Bros. Co.*, 317 U.S. 572 (1942)). An interruption in the movement of goods that have traveled interstate does not remove them from interstate commerce simply because they do not again cross state lines; they remain in interstate commerce until they reach the customers for whom they are intended. *Jacksonville Paper Co.*, 317 U.S. at 335.

Neither party has directed the Court to cases in any jurisdiction with facts similar to those presented here, nor has the Court's independent research uncovered any. However, applying the general principals discussed above, the Court must deny Defendants' motion for summary judgment. The Court concludes that buying vehicles titled to out-of-state owners at auction, for

---

[1] Defendants designated evidence in support of their motion for summary judgment to establish that SAS's gross volume of sales was less than $500,000 in 2007, which Plaintiff has not challenged.

resale to the ultimate consumer, constitutes engaging in interstate commerce, even if the vehicles did not cross a state line again after the purchase. Plaintiff has designated enough evidence that he engaged in interstate commerce as an employee of SAS to create a question of fact for trial. Moreover, the Court must also deny Plaintiff's motion for summary judgment on the issue of whether he is a covered employee, because the evidence does not establish as a matter of law that at all times relevant to his claim he was engaged in interstate commerce.

**(2)** *Defendant Stevens' Status as an Employer*

Plaintiff has also moved for summary judgment that Dave Stevens may be sued as an employer under the FLSA. Under 29 USC § 203(d) an employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." While the Court has not located a Seventh Circuit Court of Appeals case directly on point, the district courts of this circuit have consistently recognized that a corporate officer with operational control over an employee is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. *See, e.g., Morgan v. SpeakEasy, LLC*, 2007 WL 2757170, at *11 (N.D. Ill. Sept. 20, 2007); *Dole v. Simpson*, 784, F. Supp. 538, 546 (S.D. Ind. 1991). *See also Patel v. Wargo*, 803 F. 2d 632, 637-38, (11th Cir. 1986); *Donovan V. Agnew*, 712 F.2d 1509, 1511 1st Cir. 1983).

The evidence designated by Plaintiff, unrefuted by Defendants, is that Defendant Stevens had operational control over all aspects of Plaintiff's employment. The Court therefore concludes that as a matter of law Defendant Stevens was an employer under the FLSA and that Plaintiff is entitled to summary judgment on that issue.

**(3)** *The Motion to Strike the Affidavit of Ronald Weldy*

Because the Court reached its decision in this matter without considering the affidavit of Plaintiff's attorney offered for the purpose of authenticating the website of Indiana Auto Auction, Defendant's motion to strike the affidavit is denied as moot.

**D.  Conclusion**

For the reasons stated above, the Court **DENIES** Defendants' motion for summary judgment (DE 24), **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for partial summary judgment (DE 36), and **DENIES AS MOOT** Defendants' motion to strike the affidavit of Ronald Weldy (DE 38).

SO ORDERED on August 27, 2009.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge  
Hammond Division